[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Court will make the following findings:
That it has jurisdiction over the matter. All statutory stays have expired. The allegations of the complaint are proven and are true. The marriage has broken down irretrievably. There is no possibility of reconciliation. The marriage is dissolved on the grounds of that irretrievable breakdown. CT Page 15662
The Court in entering its other orders considers the provisions of Connecticut General Statutes §§ 46b-40, 46b-56, 46b-62, 46b-66, 46b-81,46b-82, 46b-84 and other statutes relevant to the issues presented. The Court enters the following orders:
1. Per the parties' agreement, the Court awards joint legal custody of the two minor children, the principal residence to be with the plaintiff together with liberal visitation rights on the part of the father. The Court notes that this issue was not contested and currently the defendant has visitation with the children three nights every weekend. Holiday, special occasion, vacation visitation shall be as mutually arranged.
2. The defendant is to pay to the plaintiff child support in the amount of $197.00 per week. Support is in accordance with the Guidelines based upon the Court having found earning capacity for the plaintiff of $10,800.00 per annum.
3. The defendant shall maintain the health insurance for the benefit of the children and the parties shall share the unreimbursed health care expenses in accordance with the Child Support Guidelines meaning that the defendant husband will pay 46% of the unreimbursed medical expense order after the plaintiff has expended $100.00 per child per year on unreimbursed health care expenses. Health care expenses shall include medical, dental, orthodontia, prescriptions, optical and counseling expenses.
4. The defendant shall pay 46% of the child care expenses in accordance with the Guidelines.
5. The defendant shall maintain his current life insurance or a policy of equivalent face value naming the plaintiff the beneficiary for the children until they attain the age of 23 years. The defendant shall provide appropriate authorization to the so that she may confirm the coverage and beneficiary status.
There is currently an arrearage of child support in the amount of $871.00 based upon three weeks at $185.00 per week and $316.00 representing the defendant husband's share of child care expenses.
6. Each party shall claim one child as the dependency exemption and when there is one minor child they shall alternate the exemption.
7. The plaintiff wife shall retrieve the following items of personal property from the marital home: commercial baking oven, a refrigerator, sinks (All located in the basement of the home,) her mother's round CT Page 15663 table, the firearm the defendant gave to the plaintiff, the Kitchenaid mixer, windchimes. In addition, the plaintiff shall have the right to access the perennials for purposes of dividing the perennials as long as this may be accomplished without harming the remaining perennials. The plaintiff shall also have the right at her own expense to harvest one of the walnut trees within 180 days. However, if the defendant notifies the plaintiff that the home is to be sold to a bonafide buyer, the wife's right to harvest the tree expires 30 days after receipt of notice. In addition, each party shall keep whatever items of personal property they currently have in their possession.
8. Transfer of car title shall take place in accordance with this provision.
9. Wife shall transfer the marital premises located at 46 Burdick Road, Preston to the husband. He shall pay the mortgage, taxes and insurance, holding her harmless from same. No later than six months from the judgment, the defendant shall refinance the mortgage to remove plaintiff's name or sell the premises and he shall pay her $61,125.00 for her interest in the home.
10. The defendant shall retain heavy equipment in his possession as well as the 1976 Corvette.
11. The Pfizer stock shall be divided equally. The defendant shall cooperate with the plaintiff's effort to receive COBRA coverage at her own cost.
12. The defendant shall pay to the plaintiff by way of a tax free rollover, one-half the current value of his IRA along with gains or losses that accrue from the judgment to the date of the actual transfer.
Dubay, J.